**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 17-cr-00022 (RBW)** |
| | : | |
| **v.** | : | |
| | : | |
| **TAKISHA BROWN DORSEY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Supplemental Memorandum in Aid of Sentencing. For the reasons set forth herein, the Government now respectfully submits that the Court sentence defendant to a ten-month period of incarceration, followed by a term of supervised release that includes a six-month period of home detention; that this Court order restitution in an amount no less than $132,305.53; that this Court order forfeiture in the amount of $132,305.53; and that this Court impose a term of supervised release.

**Background**

As set forth in greater detail in the Statement of Offense, between on or about January 2012 and on or about December 2015, Defendant Takisha Brown Dorsey devised and intended to devise a scheme to defraud the Union, and to obtain money from the Union's bank accounts, by means of materially false and fraudulent pretenses, representations and promises. Defendant worked as a correctional officer for the DYRS, and was elected and served as the Chairperson of the Union from January 2012 through December 2015. In that capacity, Defendant had access to Union funds and was authorized to expend Union funds in accordance with Union bylaws. At the beginning of Defendant's tenure as Chairperson, she provided a financial update showing a $41,000 balance in the Union's savings account and an $8,100 balance in the checking account. After that January 12,

2012 report, Defendant did not provide any additional financial reports to the Union, and during Brown's tenure as Chairperson, there was never an audit performed. On November 24, 2015, the Union took a vote of no confidence in Defendant, and on December 7, 2015, members of the Union's executive board visited Bank of America to inquire about the Union's finances. The Union's bank account statement showed an available balance of $277. During January 2015 to December 2015, member dues were deposited in the account in the amount of $106,200. From April 2013 through December 2015, Defendant withdrew, debited, or transferred approximately $183,590.53 from the Union's bank account for her personal use or for deposit into her personal account. In December 2015, Defendant resigned as Chairperson of the Union. At the time Defendant resigned, the Union was approximately $92,000 in debt. A review of Defendant's bank records indicated that during the period she fraudulently obtained funds from the Union, she used the fraudulent funds to pay for various personal expenses including, but not limited to, travel, shopping, and restaurants.

On March 9, 2017, Defendant pled guilty to one count of Wire Fraud, in violation of 18 U.S.C. § 1343, and a related forfeiture allegation, and agreed to pay restitution to DYRS-FOP in the total amount of $183,590.53. At the sentencing hearing on July 14, 2017, the Government sought a sentence of 16-months of incarceration, and an order of restitution in an amount no less than $183,590.53; an order forfeiture in the amount of $183,590.53; and a three-year period of supervised release. The Court continued sentencing until November 17, 2017, to allow the defendant to make arrangments for the care of her mother.[1] Defendant was represented by Peter Fayne through the sentencing hearing on July 14, 2017.

---

[1] Sentencing was later continued until March 26, 2018, after the Court granted an unopposed defense request for continuance.

**Adjusted Loss Amount**

On October 13, 2017, the Government was informed that the Defendant would now be represented by Wendell C. Robinson for sentencing purposes. After the Defendant hired new counsel, the Government was informed that the Defendant had documentation that would prove that some of the total loss amount attributed to her, which she agreed to at the plea and initial sentencing hearings, were in fact for legitimate Union business. After reviewing the documentation provided to date, the government has determined that the following amounts should be deducted from the total loss amount:

| | |
|---|---|
| Initial loss amount attributed to Defendant | $183,590.53 |
| Cashier's check for legal fees 4/2/13 | -$15,000.00 |
| Cashier's check for legal fees 12/5/14 | -$10,000.00 |
| Cashier's check for legal fees 3/23/15 | -$13,500.00 |
| Cashier's check for legal fees 12/7/15 | -$8,000.00 |
| Teller cash w/d 12/21/15 (withdrawal made by new Union representatives) | -$200.00 |
| Counter withdrawal 12/28/15 (withdrawal made by new Union representatives) | -$960.00 |
| Teller cash w/d 12/30/15 (withdrawal made by new Union representatives) | -$325.00 |
| Teller cash w/d 12/30/15 (withdrawal made by new Union representatives) | -$300.00 |
| Transfer to Chk "1310" 10/5/15 (bank statement unclear as to transfer of funds) | -$3,000.00 |
| NEW TOTAL LOSS AMOUNT | $132,305.53 |

**Applicable Sentencing Guidelines**

As a result of the deductions to the total loss amount, the following Sentencing Guidelines apply:

Base Offense Level:
§ 2B1.1(a)(1)                                                                7

Specific Offense Characteristic:
§ 2B1.1(b)(1)(E) – Loss of more than $95,000                 8

Acceptance of Responsibility[2]:                                         -2
§ 3E1.1(a)

                                                        Total          13

---

[2] Since the initial offense level is no longer 16 or greater, the Defendant is no longer eligible for the decrease of 1 additional level under § 3E1.1(b).

3

The PSR correctly calculates the Defendant's criminal history score as zero, and her criminal history category as I.  See PSR ¶ 46 . The Guideline range for a total of 13 points, category I, is 12 to 18 months of imprisonment and/or home confinement.

**Sentencing Recommendation**

Previously, the Government sought a sentence of a 16-month period of incarceration, and an order of restitution in an amount no less than $183,590.53; an order forfeiture in the amount of $183,590.53; and a three-year period of supervised release.  See Govt. Sent. Memo. Now, based on the arguments set forth in its original sentencing memorandum, as well as the additional information made available to the Government by the defendant's new counsel, the  Government respectfully requests a sentence of ten months of incarceration, followed by a term of supervised release that includes a six-month period of home detention; and an order of restitution in an amount no less than $132,305.53; an order of forfeiture in the amount of $132,305.53; and a three-year period of supervised release.  This would be a fair sentence that would reflect the seriousness of defendant's offense, the need for general deterrence, and that similarly situated defendants are treated similarly.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
DC Bar No. 472845


BY:	_____/s/_____
KENDRA D. BRIGGS
D.C. Bar No. 978769
Assistant United States Attorney
555 5th St. NW
Washington, D.C. 20001
202-252-7524
kendra.briggs@usdoj.gov

4