## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

United States of America      :

             :

     v.         : Criminal Case No: 17-22 RBW

             :

Takisha Brown Dorsey      :

             :

### DEFENDANT'S MEMORANDUM IN AID SENTENCING

Comes now Takisha Brown Dorsey, Dorsey, by and through undersigned counsel, and files this memorandum in aid of sentencing stating:

### BRIEF STATEMENT OF THE FACTS

1. Dorsey worked as a correctional officer for the DYRS and was elected its Chairperson from January 2012 through December 2015. In that capacity, she had access to the Union's bank accounts and was authorized to withdraw money, from them.

2. As a result, of allegations alleging financial discrepancies, with the Union's bank accounts, the Union's members held a meeting, on November 24, 2015. The meeting resulted in the Union voting no confidence, against Dorsey.

3. After the Union's vote, selected Union members went to Bank of America, where the Union's bank accounts were held, and inquired about their status. They were told that the Union's accounts had a total of: $277.00 in them.

4. The Union contacted the authorities and alleged, that from April 2013 through December 2015, Dorsey withdrew approximately $183,590.53, from the Union's bank accounts,

deposited that money, into her personal bank account, and used the Union's money for her personal use.

5. Dorsey was indicted, arraigned, and on March 9, 2017, she entered a plea to one count of: Wire Fraud, in violation of: **18 U.S.C. Section 1343**, a related forfeiture allegation, and agreed to pay restitution to: DYRS-FOP, in the amount of: $183,590.53.  During those proceedings she was represented by Attorney Peter Fayne. Sentencing was set for July 14, 2017, but the Court continued it to: November 17, 2017, to allow Dorsey to make arrangements for her sick Mother. If the sentencing had gone forward, the Government was going to ask for sixteen (16) months incarceration, six (6) months of house arrest, an order of restitution for: $183,590.53, and a three (3) year period of supervised release.

### DORSEY'S CONCERNS ABOUT ATTORNEY FAYNE

6. When Dorsey entered her plea, she was represented by Attorney Peter Fayne. She alleges, that prior to her sentencing, she informed him that she had receipts; to verify that she had used union money, for union business, and that she did not take $183,590.53, as the Government alleges.  Dorsey did not believe Mr. Fayne thoroughly investigate her case; and she retained undersigned counsel on October 13, 2017.

### BROWN'S CASE WITH UNDERSIGNED COUNSEL

7. After undersigned counsel was retained, the Government, and predecessor counsel, gave him all of the Union's bank accounts, and Dorsey's bank accounts, they had. Undersigned counsel thorough went through all of those bank accounts.

8. Prior to undersigned counsel's entry of appearance, Dorsey had entered a plea to taking: $183.590.53, with an offense level of: 17; reduced, after subtracting 2 points for acceptance of responsibility and a 1 point reduction for assisting the Government in investigating

the crimes alleged in the indictment, resulting in an total offense level of: 14.  Dorsey's criminal

history category is I. Pursuant to that category, she was subjected her to a minimum sentence of:

**15-21 months** and a maximum sentence of: **37-46 months**.

9.  As a result of undersigned counsel's investigation, the Government agreed that the

documents he gave them warranted reducing the total loss amount from **$183,590.53 to:**

**$132,305.53.**  Based on that new amount, pursuant to: **Section 2B1.1 (a)(1),** Dorsey's base level

is: 7, and it is increased by 8 points, pursuant to: **Section 2B1.1(b)(1) (E),** because the loss

amount is more than $95,000.00. This makes Dorsey's offense level 15, but its reduced by 2

points for acceptance of responsibility, making her offense level 13. At that level, she's subjected

to a minimum sentence of: **12-18 months** and a maximum sentence of: **33-41 months**.

10.  The Government does not believe Dorsey is entitled to a 1point reduction, for

assisting the Government in investigating the crimes, alleged in the indictment. If they had

agreed, Dorsey's offense level would be 12, subjecting her to a minimum sentence of: **10-16**

**months** and a maximum sentence of: **24-30 months,** of incarceration. It should be noted that

although the Government does not believe Dorsey is entitled to an additional 1point reduction, in

their supplemental memorandum in aid of sentencing, in that memorandum, they're asking the

court to sentence Brown to: **ten months**. A ten-month sentence, under the guidelines, is only

available for an offense level of 12, not 13. To this extent, it is Dorsey's position that the

Government is agreeing to the additional one point reduction resulting in an offense level of: 12.

## THE PLEA AGREEMENT AND DEPARTURE FROM THE SENTENCING GUIDELINES

11.  Undersigned counsel spoke to Government Counsel about consenting to a departure,

from the guidelines, in light of the things that have impacted Dorsey, i.e., her original attorney

did not adequately investigate her case, did not notice, in the sentencing guidelines that Dorsey's

caretaker status for her Mother is a basis for departure, and her emotional distress, that she was

facing greater prison time than set forth in the sentencing guidelines  It is the Government's

position that departure is governed by the plea agreement; and according to it, when the plea

agreement was signed, it was done so with each agreeing that grounds for departure did not exist.

This was in error and a direct result of prior counsel's failure to apply the facts of Dorsey's

Mother's illness, to the sentencing guidelines appropriate section for departure.

## **DEPARTURE IS APPROPRIATE, PURSUANT TO: PART K, DEPARTURES**

12. When the plea agreement was signed, there existed, under Section 5 H1.6, of the

sentencing guidelines' commentary, departure based on loss of caretaking. That section reads:

"…(B) **Departures Based on Loss of Caretaking or Financial Support**,- A departure under
this policy statement based on the loss of caretaking or financial support of the defendant's
family requires, in addition to the court's consideration of the non-exhaustive list of
circumstances in subdivision (A), the presence of the following circumstances:

(i) The defendant's services of a sentence within the applicable guideline range will
cause a substantial, direct, and specific loss of essential caretaking, or essential financial support,
to the defendant's family,

(ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily
incident to incarceration for a similarly situated defendant. For example, the fact that the
defendant's family might incur some degree of financial hardship or suffer to some extent from
the absence of a parent through incarceration is not in itself sufficient basis for departure because
such hardship or suffering is of a sort ordinarily incident to incarceration,

(iii) The loss of caretaking or financial support is one for which no effective remedial or
ameliorative programs reasonably are available, making the defendant's caretaking or financial
support irreplaceable to the defendant's family.

(iv) The departure effectively will address the loss of caretaking or financial support….."

13. This Court has consistently continued Dorsey's sentencing based on letters, from her

Mother's doctor's  requesting continuance of Dorsey's sentencing so she could be with her

Mother during the doctor's important medical procedures. Dorsey's Mother has chronic

pulmonary disease; she's required, from time to time, to be intubated, she's confined to a bed,

and requires twenty-four (24) hour care. These allegations are verified in paragraph 48 of the

U.S. Probation Office's Presentence Report that was filed, with this Court, on April 28, 2017.

14.  Dorsey's Mother told the presentence writer, that although she has other children, Dorsey is her mainstay, spending virtually one hundred percent of the time with her. This allegation is verified in paragraph 53, of the U.S. Probation Office's Presentence Report.

15.  It is clear, that departure is appropriate, pursuant to: the Departure policy discussed above. The facts that warrant, Dorsey's downward departure, are known to the Court and the Government. .

### REQUESTED SENTENCE

16.  Dorsey is requesting that the Court depart, from the sentencing guidelines, based on loss of caretaking; and sentence her to a period of probation, order restitution, as the Court deems appropriate, and to set probation conditions, that the Court deems appropriate.

Respectfully submitted,

*s/s Wendell C. Robinson*
Wendell C. Robinson, 377091
7600 Georgia Ave. N.W., # 203
Washington, D.C. 20012
202-223-4470, phone, 202-726-9060 fax
Grindstonelaw@aol.com

### Certificate of Service

I certify that on this 19th day of: March 2018, that a copy of this memorandum was sent, vie this Court's electronic email system to: Kendra Davis Briggs, AUSA, 555 4th Street, N.W., Washington, D.C. 20530.

*s/s Wendell C.  Robinson*